IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARY J. HAMRICK, DAVID B. BECKLEY, and VALENTIN RODRIGUEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS AND COMPANY, THE ADMINISTRATION COMMITTEE OF THE DUPONT PENSION AND RETIREMENT PLAN and JOHN/JANE DOES 1-5,<br><br>Defendants. | C.A. No. 23-238-JLH |
| JAMES M. MANNING, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EIDP, INC. f/k/a E.I. du Pont de Nemours and Company, THE ADMINISTRATION COMMITTEE OF THE DUPONT PENSION AND RETIREMENT PLAN and JOHN/JANE DOES 1-5,<br><br>Defendants. | C.A. No. 23-271-JLH |

**MEMORANDUM ORDER**

Defendants in these ERISA actions filed motions to dismiss (C.A. No. 23-238, D.I. 10; C.A. No. 23-271, D.I. 9).  The U.S. District Judge previously assigned to this case referred the motions to a Magistrate Judge.  On January 23, 2024, the cases were reassigned to me.  On January 31, 2024, the Magistrate Judge issued a detailed Report and Recommendation (C.A. No. 23-238, D.I. 21; C.A. No. 23-271, D.I. 20).

In C.A. No. 23-238, the Magistrate Judge recommended that the motion to dismiss should be denied (D.I. 21). Plaintiffs nonetheless filed objections (D.I. 22), and Defendants responded (D.I. 23). I can quickly deny Plaintiffs' objections in C.A. No. 23-238 because they violate (1) this Court's rules by failing to identify the appropriate standard of review,[1] and (2) this Court's standing order by failing to include a written statement certifying that the objections do not raise new arguments.[2] I deny the objections on those grounds, but even if I did not, I would also deny the objections because, as Plaintiffs acknowledge, they object only to the Report and Recommendation's non-binding dicta.[3]

Moving on to C.A. No. 23-271, both parties filed objections (D.I. 21, 22) and responses (D.I. 23, 24). Plaintiff objects to the R&R's recommendation that Defendants' motion to dismiss be granted with respect to Plaintiff's fiduciary duty claim. (D.I. 21.) Plaintiff's objections again fail to identify the appropriate standard of review and fail to include a written statement certifying that the objections do not raise new arguments, so I deny the objections on those grounds. Even

---

[1] D. Del. LR 72.1(b) ("Objections to an order, decision or recommendation disposition made by a Magistrate Judge pursuant to Fed. R. Civ. P. 72 shall identify the appropriate standard of review."); D. Del. LR 7.1.5(b); *Barry v. Stryker Corp.*, No. 20-1787, 2023 WL 3224498, at *1 (D. Del. May 3, 2023); *Personal Audio, LLC v. Google LLC*, No. 17-1751, D.I. 784 (D. Del. April 4, 2023).

[2] Standing Order for Objections Filed under Fed. R. Civ. P. 72 (D. Del. Mar. 7, 2022) (available on the Court's website) ("Any party filing objections with a District Judge to a Magistrate Judge's order, ruling or recommended disposition **must** include, along with the objections, a written statement either certifying that the objections do not raise new legal/factual arguments, or identifies the new arguments and describes the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge." (emphasis in original)); *see also Barry*, 2023 WL 3224498, at *1 ("This is not some arcane requirement. It is a practical one, designed to make referrals to magistrate judges as efficient as the referral system can be.").

[3] (D.I. 22 (Plaintiffs' Objections) at 2 (acknowledging that "because the R & R did not dismiss any claims on the basis of the statute of limitations, the Court does not need to rule on these issues now"); *Digney York Assocs., LLC v. Weiss*, No. 22-438-RGA, 2023 WL 418047, at *1 (D. Del. Jan. 26, 2023) ("I do not think I need to join in a discussion about dicta, and by adopting a report and recommendation, I do not necessarily join in every word of a magistrate judge.").

if I did not deny the objections on those grounds, I would deny them on the merits. Having reviewed the Report and Recommendation *de novo*, I agree with its conclusion that Plaintiff has not plausibly alleged a claim for breach of fiduciary duty under 29 U.S.C. § 1104(a)(1)(D) under the reasoning of *Secretary of Labor v. Macy's, Inc.*, No. 17-541, 2022 WL 407238, at *5–10 (S.D. Ohio Feb. 10, 2022), and the cases cited therein. Plaintiff in C.A. No. 23-271 also objects to the same non-binding dicta in the Report and Recommendation as objected to by Plaintiffs in C.A. No. 23-238, but I reject that argument for the same reasons as in C.A. No. 23-238.

Finally, I address Defendants' objection in C.A. No. 23-271. (D.I. 22.) Defendants argue that the Magistrate Judge erred in concluding that Plaintiff's Complaint stated a claim for a violation of 29 U.S.C. § 1055. Section 1055 requires plans to provide married participants pension benefits "in the form of a qualified joint and survivor annuity [QJSA]," defined as an annuity "(A) for the life of the participant with a survivor annuity for the life of the spouse which is not less than 50 percent of (and is not greater than 100 percent of) the amount of the annuity which is payable during the joint lives of the participant and the spouse, and (B) which is the actuarial equivalent of a single annuity for the life of the participant." 29 U.S.C. § 1055(a), (d)(1). The Complaint's First Claim for Relief alleges that Defendants violated 29 U.S.C. § 1055 because the methodologies used by Defendants for calculating benefits do not provide an actuarial equivalent benefit.

Defendants' sole contention, which I review *de novo*, is that the claim should be dismissed because the Complaint does not plausibly allege that Plaintiff was receiving a QJSA. I disagree. The Complaint plausibly alleges that Plaintiff selected a "Spouse Benefit Option" that Defendants told Plaintiff (in an ERISA-required disclosure) "meet[s] the requirements of a [QJSA]." (D.I. 1

¶ 48 (quoting "Notice of Rights"); D.I. 13, Ex. 4 ("Notice of Rights").)  That is enough to proceed at this stage.[4]

Accordingly, this 3rd day of June, 2024, IT IS HEREBY ORDERED THAT:

1. In C.A. No. 23-238:

    a. Plaintiffs' Objections (D.I. 22) are OVERRULED.

    b. Defendants' Motion to Dismiss (D.I. 10) is DENIED.

2. In C.A. No. 23-271:

    a. Plaintiff's Objections (D.I. 21) are OVERRULED.

    b. Defendants' Objection (D.I. 22) is OVERRULED.

    c. Defendants' Motion to Dismiss (D.I. 9) is GRANTED-IN-PART and DENIED-IN-PART.

    d. Plaintiff's First Claim for Relief is DISMISSED only to the extent it alleges a violation of ERISA's anti-forfeiture provision, 29 U.S.C. § 1053(a).

    e. Plaintiff's Second Claim for Relief is DISMISSED.  Plaintiff is granted leave to amend within 14 days.

Dated: June 3, 2024

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[4] To be clear, the Court is not holding as a matter of law that Plaintiff selected a QJSA, only that Complaint plausibly alleges that he did.